IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **ELECTRONIC COMMUNICATION TECHNOLOGIES, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**TEA LIVING, INC.,**<br><br>Defendant. | CIVIL ACTION NO.<br><br>PATENT INFRINGEMENT<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Electronic Communication Technologies, LLC files this Complaint Tea Living, Inc. for infringement of United States Patents Nos. 9,373,261, 7,876,239, and 7,319,414.California

## THE PARTIES

1. Plaintiff Electronic Communication Technologies, LLC ("ECT") is a Florida Limited Liability Company with its principal place of business at 711 SW 24th, Boynton Beach FL 33435.

2. Defendant Tea Living, Inc. ("Defendant") is a California corporation with its principal place of business at 1 Arkansas St, Suite B, San Francisco, CA 94107-2482. Defendant's Registered Agent is Leigh Rawdon, 1 Arkansas St, Suite B, San Francisco, CA 94107-2482.

3. Defendant sells articles of commerce through its transactional website directed to persons across the United States, including residents of the Eastern District of Texas.

## NATURE OF THE ACTION

4. This is a civil action for infringement of United States Patents Nos. 9,373,261 (the "'261 Patent") and 7,876,239 (the "'239 Patent"), and 7,319,414 (the "'414 Patent") (collectively, the "Patents-in-Suit"), arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

6. Defendant is subject to this Court's personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business and purposeful availment of this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district. Upon information and belief, Defendant, directly and/or through its customers, uses the accused instrumentalities, as defined below, with the knowledge and/or understanding that such accused devices will be used in this District. Upon information and belief, Defendant has engaged in substantial and not isolated activity within this District. Therefore, exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice. Such an exercise is consistent with the Texas long-arm statute.

7. Defendant has conducted and does conduct business within the state of Texas, including the geographic region within the Eastern District of Texas, directly or through intermediaries, resellers or agents, or offers for sale, sells, advertises (including through the use of interactive web pages with promotional material) products or services, or uses services or products in Texas, including this judicial district, that infringe the Patents-in-Suit.

8. Specifically, Defendant solicits business from and markets its services to consumers within Texas, including the geographic region within the Eastern District of Texas, by offering through its website, services for authentication of a user's confidential information and for the preservation of the confidentiality of said information against unauthorized use to said Texas consumers.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because Defendant has committed acts of infringement in the United States including use and offers for sale directed to persons in this District and elsewhere in the State of Texas and are deemed to reside in this District for purposes of this action.

## THE PATENTS-IN-SUIT

10. The '414 Patent, entitled "Secure Notification Messaging Systems and Methods Using Authentication Indicia," was duly and legally issued to Inventor Scott A. Horstemeyer (and ECT as Assignee) by the United States Patent and Trademark Office on January 15, 2008. A copy of the '414 Patent is attached hereto as Exhibit A.

11. The '239 Patent, entitled "Secure Notification Messaging Systems and Methods Using Authentication Indicia," which is a continuation of the '414 Patent, was duly and legally issued to Inventor Scott A. Horstemeyer (and ECT as Assignee) by the United States Patent and Trademark Office on January 25, 2011. A copy of the '239 Patent is attached hereto as Exhibit B.

12. The '261 Patent, entitled "Secure Notification messaging with user Option to Communicate with Delivery or Pickup Representative," which claims priority to the '414 Patent and the '239 Patent, was duly and legally issued to Inventor Scott A. Horstemeyer (and ECT as Assignee) by the United States Patent and Trademark Office on June 26, 2016. A copy of the '261 Patent is attached hereto as Exhibit C.

13. Over a decade ago, the escalation of online purchasers and the use of order confirmations and shipment notification messages presented unique problems for online retailers. Online retailers like Defendant were increasingly faced with customer account break-ins, loss of products that were ordered and shipped to hacker addresses and maybe the most important - the loss of customer's trust.

14. Mr. Horstemeyer innovated many unique solutions to minimize hacker's impacts when mimicking order confirmations and shipment notification emails (the hacker's methods are known as "phishing").

15. More specifically, with respect to the Patents-in-Suit, Mr. Horstemeyer invented methods and systems to enable online retailers to assist their customers in determining the difference between trusted and non-trusted shipment and order confirmation emails.

16. The Patents-in-Suit have a priority date relating back to 2003 and addresses systems and methods for retailers and their associated customers to avoid "phishing" scams. The innovations allow confidential customer-supplied information to be used within the retailer's communications to verify authenticity.

17. Providing customer verifiable information within shipment and order confirmations helps to reduce, and sometimes stop, fraud associated with the illegal mimicking of order and shipment confirmation emails.

18. Online retailers engaging in electronic communication via order confirmations and shipment notifications needed a means to help the customers "verify" and know the difference between an authentic communication or a fake "phishing" communication (impersonating the online retailer).

19. The U.S. Patent office determined the Mr. Horstemeyer's inventions were both novel and useful and granted Mr. Horstemeyer's assignees the right to exclude others from practicing the invention, to recover at least a reasonable royalty for infringement of the Patents-in-Suit, and where the infringement is willful to recover treble damages.

20. ECT is the exclusive owner of all rights, title, and interest in the Patents-in-Suit, including the right to exclude others and to enforce, sue and recover damages for past and future infringement thereof.

## INFRINGEMENT OF THE PATENT-IN-SUIT

21. ECT incorporates paragraphs 1 through 20 by reference as if fully stated herein.

22. The Patents-in-Suit are valid and enforceable.

23. Defendant has directly infringed, and continues to directly infringe, one or more claims of the Patents-in-Suit under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by using its order confirmation and shipping confirmation systems without authorization, permission, or license from ECT.

24. ECT has given Defendant notice of its infringement by letter dated September 20, 2016 and/or by virtue of service or acknowledged delivery of this Complaint.

25. Defendant includes customer information within these notifications/messages to provide confidence to the notification-receiving party that the order confirmation and or shipment notification is from Defendant (the proper authorized source) and if more information about the shipment is needed, the links may be trusted and used within the confirmation or notification.

26. Defendant has and willfully continues its infringement of the '414 Patent in at least the following representative manner:

| | |
|---|---|
| *Claim* 23. A computer-based notification system, comprising: means for monitoring travel data associated with a mobile thing; | Tea Collection uses an automated order confirmation and shipment ("automated notification") that includes customer authentication information to communicate updated shipment information when products are being prepared for, shipped and or in route to customer deliver addresses.<br><br>Tea Collection uses computer program code to monitor products when moved from inventory, packaging, labeling, fulfillment, waiting to be picked up, picked up by a carrier, when the product leaves Tea Collection and in route to the customer's address; |
| means for communicating a notification communication involving a delivery or pickup task associated with the mobile thing to a personal communications device associated with a party; | Tea Collection uses computer program code to monitor products when moved from inventory, packaging, labeling, fulfillment, waiting to be picked up, picked up by a carrier, when the product leaves Tea Collection and in route to the customer's address; |
| means for providing authentication information with the notification communication, the authentication information comprising at least a link to the Internet; and means for enabling the party to select the link to communicate over the Internet to verify the authenticity of the notification communication and/or of the authentication information. | Tea Collection allows customers to enter personalized and not publically known information when users log into their secure website area. The Tea Collection system collects and uses the secure authentication information such as the collective-combination of; customer payment method "credit card", the billing person's name, credit card expire date, credit card billing address and the last four digits of the credit card are all used to authenticate the Tea Collection communications about their product being picked-up and shipped. During the secure communication session between the customer entering secure authentication information, an email is also provided for use by Tea Collection.<br><br>Each email containing personalized authentication information has a link back to the customer account where their own computer automatically logs in (via stored computer cookie, and or automated secure determining encrypted software) when they reply to the link provided within the email. The customer verifies the original email was from the authentic and trusted source by also allowing their computer to |

| | |
|---|---|
| | automatically link into the Tea Collection customer account.<br><br> |
| Claim 28. The system of claim 23, wherein the authentication information further comprises at least one of the following: a symbol, a **text** or **numeric code**, a sound, music, a distinctive ring, or an image of a signature. | Tea Collection's computer program code retrieves the secure authentication information including, customer payment method "credit card", the billing person's name, credit card expire date, credit card billing address and the last four digits of the credit card to authenticate the shipment confirmation email was initiated by Tea Collection  (the authorized source), and sends shipment confirmation emails and embeds links within the notification to allow customers to get account information, <u>edit shipment information</u>, shipment tracking information, to the website and to customer service representatives – for additional information about the product(s).<br><br> |
| Claim 29. The system of claim 23, wherein the authentication information is defined by the computer-based notification system and is made known to the party. | Tea Collection's computer program code retrieves only select parts of the customer's entered secure information including, customer payment method "credit card", the billing person's name, credit card expire date, credit card billing address and the last four digits of the credit card but not the pin |

| | |
|---|---|
| | / or 3 to 4 digit code on the back of credit cards or the full credit card number that was also provided to Tea Collection but not used and chosen / defined by the computer based notification system automatically.<br> |

27. Defendant has and willfully continues its infringement of the '239 Patent in at least the following representative manner:

| | |
|---|---|
| *Claim* 54. A computer system, comprising:<br>(a) a memory storing authentication information, a communication method, and a computer program;<br>(b) a processor that executes the computer program to: | Tea Collection uses an automated order confirmation and shipment ("automated notification") that includes customer authentication information to communicate updated shipment information when products are being prepared for, shipped and or in route to customer deliver addresses.<br><br>Tea Collection automated notification systems comprises, one or more memories, one or more processors, and computer program code that is stored within one or more memories and executed by one or more processors to; |
| (1) permit a party to communicate with the system and provide or select the authentication information and provide or select the communication method; | Tea Collection allows customers to enter personalized and not publically known information when users log into their secure website area. The Tea Collection system collects and uses the secure authentication information such as the collective-combination of; customer payment method "credit card", the billing person's name, credit card expire date, credit card billing address and the last four digits of the credit card are all used to authenticate the Tea Collection communications about their product being picked-up and shipped. During the secure |

| | communication session between the customer entering secure authentication information, an email is also provided for use by Tea Collection.<br><br>**PAYMENT DETAILS**<br>Billing Address<br>◯<br>2563 Cherry Hill Ln<br>Hermitage, Pennsylvania 16148-2989<br>United States<br><br>Payment Method<br>Pete Sirianni<br>Credit Card<br>************5260<br>10-2019 |
|---|---|
| (2) monitor travel data associated with a mobile thing; | Tea Collection uses computer program code to monitor products when moved from inventory, packaging, labeling, fulfillment, waiting to be picked up, picked up by a carrier, when the product leaves Tea Collection and in route to the customer's address; |
| (3) initiate a notification communication session involving a delivery or pickup task associated with the mobile thing to a personal communications device associated with the communication method, based upon the travel data; and | Tea Collection uses computer program code to determine and initiate notifications to mobile users (personal communication devices) using emails and electronic data communication systems, when products are designated for shipment, pulled from inventory, at fulfillment, at loading areas, picked up by couriers and in route before delivery at a customer's address, and before the shipment arrives at the delivery address. |
| (4) providing the authentication information to the personal communications device that indicates that the notification is from a source authorized by the party. | Tea Collection's computer program code retrieves the secure authentication information including, customer payment method "credit card", the billing person's name, credit card expire date, credit card billing address and the last four digits of the credit card to confirm / authenticate the shipment confirmation email was initiated by Tea Collection (the authorized source), and sends shipment confirmation emails and embeds links within the notification to allow customers to get account information, <u>edit shipment information</u>, shipment tracking information, to the website and to customer service representatives – for additional information about the product(s). |



28. Defendant has and willfully continues its infringement of the '261 Patent in at least the following representative manner:

| | |
|---|---|
| *Claim* 11 An automated notification system, comprising:<br><br>one or more transceivers designed to communicate data; one or more memories; one or more processors; and computer program code stored in the one or more memories and executed by the one or more processors, the computer program code comprising:<br><br>code that enables a first party associated with a personal communication device (PCD) to input or select authentication information for use in connection with a subsequent notification communication session involving advance notice of a delivery or pickup of a good or service at a stop location by a mobile thing (MT); | Tea Collection uses an automated order confirmation and shipment ("automated notification") to send customers updated shipment information when products are being prepared for picked up and when products are shipped.<br><br>Tea Collection's automated notification systems comprises, one or more memories, one or more processors, and computer program code that is stored within one or more memories and executed by one or more processors, Tea Collection 's computer program code comprises:<br><br>Tea Collection's online code allows mobile customers to input personalized authentication information to be used at a future time when products are picked up and notifications emails are sent back to the customer.<br><br>Tea Collection stores authentication information including a combination of these items; customer payment method "credit card", the billing person's name, credit card expire date, credit card billing address and the last four digits of the credit card are all collectively used to authenticate the Tea Collection communications about their product |

| | |
|---|---|
| | being picked-up and shipped is an authenticated email from Tea Collection. When customers need to respond and enter account, login or different credit card(s) information they know the actual Tea Collection website is authentic/safe/trusted by reviewing and responding to the message contents.<br><br>**PAYMENT DETAILS**<br>**Billing Address**<br>2563 Cherry Hill Ln<br>Hermitage, Pennsylvania 16148-2989<br>United States<br><br>**Payment Method**<br>Pete Sirianni<br>Credit Card<br>************5260<br>10-2019 |
| code that causes storage of the authentication information; | Tea Collection uses code to capture and store customer authentication information when (a.) users set up accounts, (b.) when users modify account information or (c.) when they purchase products from the Tea Collection website; |
| code that monitors location or travel information in connection with the MT; | Tea Collection uses computer program code to monitor products when moved from inventory, packaging, labeling, fulfillment, waiting to be picked up, picked up by a carrier, when the product leaves Tea Collection and is in route to the customer's address; |
| code that causes initiation of the notification communication session to the PCD with the one or more transceivers, in advance of arrival of the MT at the stop location, based at least in part upon the location or travel information associated with the MT; | Tea Collection uses computer program code to determine and initiate notifications to mobile users (personal communication devices) using transceivers such as email and electronic data communication systems, when products are designated for shipment, pulled from inventory, at fulfillment, at loading areas, picked up by couriers and before delivery at a customer's address, and before the shipment arrives at the delivery address. |
| code that, during the notification communication session, provides the authentication information to the PCD that indicates to the first party that the notification communication session was initiated by an authorized source; and | Tea Collection's computer program code retrieves the authentication information including, customer payment method "credit card", the billing person's name, credit card expire date, credit card billing address and the last four digits of the credit card, are all used authenticate the shipment confirmation email was initiated by Tea Collection (the authorized source), and |

| | |
|---|---|
| code that, during the notification communication session, enabling the first party to select whether or not to engage in a communication session with a second party having access to particulars of the pickup or delivery. | Tea Collection's computer program code sends shipment confirmation emails and embeds links within the notification to allow customers to get account information, get information about current orders such as when it will be shipped or if it has been shipped or to cancel order, the website and to customer service representatives – for additional information about the product(s). The link takes customers back directly to the item and account access for determining if the order was correct, shipped, backordered, etc… |

29. Defendant's automated notification system is not a staple article or commodity of commerce suitable for substantial noninfringing use.

30. ECT has been and continues to be damaged by Defendant's infringement of the Patents-in-Suit.

31. Defendant's actions complained of herein are causing irreparable harm and damages to ECT and will continue to do so unless and until Defendant is enjoined and restrained by the Court.

32. Defendant has infringed and continues to infringe the Patents-in-Suit willfully since, at least, notice of its infringement by ECT.

33. Defendant's conduct in infringing the Patents-in-Suit renders this case exceptional within the meaning of 35 U.S.C. § 285.

## JURY DEMAND

34. Plaintiff ECT hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, ECT prays for judgment as follows:

a. That Defendant be adjudged to have infringed the Patents-in-Suit, directly and/or indirectly, by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents;

b. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly and/or indirectly infringing the Patents-in-Suit;

c. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate ECT for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

d. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

e. That Defendant be directed to pay enhanced damages, including ECT's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

    f.  That ECT have such other and further relief as this Court may deem just and proper.


Dated: December 6, 2016      Respectfully Submitted,

                 By: */s/Eugenio J. Torres-Oyola*
                 Eugenio J. Torres-Oyola
                 USDC No. 215505
                 **Ferraiuoli LLC**
                 221 Plaza, 5th Floor
                 221 Ponce de León Avenue
                 San Juan, PR 00917
                 Telephone: (787) 766-7000
                 Facsimile: (787) 766-7001
                 Email: etorres@ferraiuoli.com

                 Jean G. Vidal Font
                 USDC No. 227811
                 **Ferraiuoli LLC**
                 221 Plaza, 5th Floor
                 221 Ponce de León Avenue
                 San Juan, PR 00917
                 Telephone: (787) 766-7000
                 Facsimile: (787) 766-7001
                 Email: jvidal@ferraiuoli.com

                 **ATTORNEYS FOR PLAINTIFF**
                 **ELECTRONIC COMMUNICATION**
                 **TECHNOLOGIES, LLC**